### GAYLORD v. HOWES.

*(City Court of New York, General Term.* April 30, 1890.)

VENDOR AND VENDEE—RIGHTS OF THIRD PERSON IN POSSESSION.

    Where defendant advances money to complete a building, and takes possession of it under an agreement with the owner whereby she was to collect the rents until her advances were repaid, a subsequent grantee of the owner takes with notice of defendant's rights, and cannot sue defendant for rents appropriated by her until her advances are paid in full.

Appeal from trial term.

Action by Don A. Gaylord against Sarah J. Howes. A verdict was directed for plaintiff, and from the judgment entered thereon defendant appeals.

Argued before McADAM, C. J., and GIEGERICH, J.

*W. R. Mabin,* for appellant. *J. E. Eustis,* for respondent.

McADAM, C. J. The action is for the conversion of certain rents of real property. The action is based on the fact that the plaintiff, who succeeded Frank Nickerson in the ownership of the property, notified the defendant in writing that, if she remained in possession of the part of the premises occupied by her, she must pay him rent at the rate of $20 a month, and also notified her not to collect any more rents from the other portions of said premises. That the defendant thereafter remained in possession, and collected $751 in rents, and for collecting this money, and keeping it, the plaintiff obtained a verdict on the theory that she was guilty of converting so much of his money. We know of no precedent for such a recovery. The defendant did not enter into possession as tenant, nor as agent of any one. She had advanced moneys, to-wit, about $4,000, to complete the buildings upon the property, and when completed she entered into possession under an agreement with Mr. Reeves, who then owned the property, by the terms of which she was to collect the rents until she had been reimbursed for the amount of her advances. The defendant received about $1,500 when this action was commenced, and was under her agreement entitled to receive about $2,500 more. Reeves could have maintained no action against the defendant respecting the possession of said premises, or the rents thereof, until her advances had been repaid in full. The grantees of Mr. Reeves occupy no better position, for they took title with constructive notice of the agreement under which she held possession. Indeed, her possession was constructive notice in itself. *Williamson* v. *Brown,* 15 N. Y. 354; and see *Ellis* v. *Horrman,* 90 N. Y. 466. The notice served by the plaintiff did not make the defendant a tenant, nor did it prevent her from collecting the rents under the agreement from Reeves. Reeves could not terminate that agreement, nor could he put it in the power of the plaintiff to terminate it. If the plaintiff had any remedy, it seems to us that it would have been in the form of an action of ejectment, with a claim for the mesne profits. We fail to discover how the money collected and appropriated by the defendant became the plaintiff's. It was collected by the defendant from her tenants, was not in the plaintiff's possession, was received by her under an agreement which entitled her to collect it as her own, had no ear-marks, and was incapable of identity, and was therefore a subject-matter in respect to which conversion will not lie. The defendant moved to dismiss the complaint, and afterwards applied for the direction of a verdict in her favor, or that the case go to the jury on the issues in the

cause. All of these motions were denied under exception. We think this was error, particularly the refusal to dismiss the complaint. It follows that the judgment appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event.